UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:16-cr-00241-KJM |
| Plaintiff, | ORDER |
| v. | |
| Tion Makeise Foster, | |
| Defendant. | |

Defendant Tion Foster seeks a reduction in his prison sentence under 18 U.S.C. § 3582(c)(1)(A). *See* Mot. at 1, ECF No. 166. The motion is **denied.** Foster has not demonstrated "extraordinary and compelling reasons" warrant a reduction in his sentence. Nor does the evidence show a reduction would be consistent with the United States Sentencing Commission's applicable policy statements.

## I.    BACKGROUND

This court summarized the charges against Foster and the history of this case in a previous order and incorporates that summary here without repeating it. *See* Order (Mar. 7, 2025), ECF No. 164. In short, Foster pled guilty to a charge of sex trafficking of a child in late 2017. *See id.* at 2; Change of Plea Hr'g Mins., ECF No. 62. This court imposed a sentence of 150 months' incarceration the next year. *See* Am. J. & Commitment, ECF No. 103; Sent. Hr'g Mins., ECF

/////

No. 94.  According to the Bureau of Prisons, Foster's projected release date is in 2030, and he has served approximately six years of his total term of incarceration.  *See* Inmate Data (Aug. 7, 2025), ECF No. 175-1.

In 2024, Foster filed a pro se motion for a reduction of his prison sentence based on his relative youth at the time of his offense, the length of his sentence, and his need for medical care.  *See* Order at (Mar. 7, 2025) at 2–3.  The court denied his motion because (1) the court had considered his relative youth, his personal history and other similar information at the time it imposed his sentence and (2) the record did not show Foster was not receiving the medical care he needed.  *See id.* at 5.  The court also remained persuaded that Foster's sentence correctly balanced the relevant factors listed in 18 U.S.C. § 3553(a).  *See id.*

Foster's current motion for a reduction in his prison sentence offers additional evidence about his health and medical care, citing 18 U.S.C. § 3592(c)(1)(A).  *See generally* Mot., ECF No. 166.  In short, the medical records show Foster is undergoing treatment and has received an actual or potential diagnosis of non-Hodgkins lymphoma of an unspecified type.  *See, e.g.*, *id.* at 24–25.[1]  The records also state that "Sarcoidosis should be clinically considered."  *E.g.*, *id.* at 29.  The most recent report attached to Foster's motion relates to an imaging study and is dated June 17, 2025.  *See id.* at 36–39.  The government also has submitted medical records from the Bureau of Prisons.  *See* Opp'n at Ex. 2.[2]  These records show the Bureau of Prisons continued to arrange for care in Foster's case in July and August 2025.  *See, e.g.*, *id.* at 1–5.

Foster argues he is suffering from "a serious physical or medical condition . . . that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility, and [he] is not expected to recover from this condition."  Mot. at 4 (citing U.S.S.G. § 1B1.13(b)(1)(B)).  He also argues his condition "requires long-term or specialized medical care that is not being provided and without which [he is] at risk of serious deterioration in health or /////

---

[1] Page numbers refer to those applied at the top right by the CM/ECF system.

[2] The court grants the government's request to file these documents under seal to protect Foster's privacy in his confidential medical information.

2

1  death." *Id.* (citing U.S.S.G. § 1B1.13(b)(1)(C)).  Finally, he contends his prison sentence is

2  "unusually long" and an unspecified "change in the law . . . would produce a gross disparity

3  between the sentence being served and the sentence likely to be imposed on the date [he] filed

4  [his] motion." *Id.* at 5–6 (citing U.S.S.G. § 1B1.13(b)(6)).

5         The government opposes Foster's motion.  *See generally* Opp'n, ECF No. 175.  The court

6  took the matter under submission without holding a hearing.

7  **II.    DISCUSSION**

8         As summarized in this court's previous order, a district court can reduce a sentence under

9  § 3582(c)(1)(A) only if the moving defendant shows he exhausted his administrative rights within

10  the Bureau of Prisons; "extraordinary and compelling reasons" warrant a reduction; a reduction

11  "is consistent with applicable policy statements issued by the U.S. Sentencing Commission"; and

12  the relevant sentencing factors in 18 U.S.C. § 3553(a) support the request.  *See* Order (Mar. 7,

13  2025) at 3 (quoting *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022)).  The parties

14  do not dispute that Foster exhausted his administrative rights within the Bureau of Prisons before

15  he filed his pending motion.  *See* 18 U.S.C. § 3582(c)(1).

16         As signaled above, the court cannot find on this record that "extraordinary and compelling

17  reasons" warrant a reduction in Foster's sentence, nor that a reduction would be consistent with

18  applicable policy Statements by the Sentencing Commission.

19         First, the record does not support Foster's argument that his condition "substantially

20  diminishes" his ability "to provide self-care within the environment of a correctional facility."  *Id.*

21  § 1B1.13(b)(1)(B).  A chronic condition, even a serious condition, is not necessarily a basis for a

22  sentencing reduction under § 3582(c)(1)(A).  *United States v. Singh*, No. 13-00084, 2025 WL

23  1808413, at *3 (E.D. Cal. July 1, 2025) (collecting authority).  The evidence does not show the

24  Bureau of Prisons is not managing or cannot manage Foster's condition or that he cannot care for

25  himself from day to day.  *See United States v. Ayon-Nunez*, No. 16-00130, 2020 WL 704785, at

26  *3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed in prison are not a

27  sufficient basis for compassionate release." (citation and quotation marks omitted)).

1    Second, the evidence does not show Foster's condition "requires long-term or specialized

2    medical care that is not being provided." U.S.S.G. § 1B1.13(b)(1)(C). The medical records

3    attached to Foster's motion and the government's opposition show he is receiving treatment. He

4    does not contend treatment has been withheld from him or delayed or has put him "at risk of

5    serious deterioration in health or death." *Id.* Courts have not granted motions under

6    § 3582(c)(1)(A) based on a defendant's claims about a lack of necessary care unless that

7    defendant has offered evidence to show medical care is unavailable, has been withheld or has

8    been delayed. *Compare, e.g.*, *Singh*, 2025 WL 1808413, at *4 (denying motion when defendant

9    with multiple chronic conditions identified "no healthcare concerns that have not been

10   addressed") *with, e.g.*, *United States v. Gober*, No. 22-00326, 2025 WL 1219553, at *2 (E.D. Cal.

11   Apr. 28, 2025) (granting motion based on multiple-month delay in treatment after tumor

12   discovery).

13   Third, Foster has not served ten years or more of his sentence, so he cannot rely on the

14   Sentencing Commission's policy statement about unusually long sentences; nor has he identified

15   with particularity any relevant changes in the law. *See* U.S.S.G § 1B1.13(b)(6) ("If a defendant

16   received an unusually long sentence and has served at least 10 years of the term of imprisonment,

17   a change in the law (other than an amendment to the Guidelines Manual that has not been made

18   retroactive) may be considered in determining whether the defendant presents an extraordinary

19   and compelling reason, but only where such change would produce a gross disparity between the

20   sentence being served and the sentence likely to be imposed at the time the motion is filed, and

21   after full consideration of the defendant's individualized circumstances."). The court also finds

22   independently of this policy statement that the length of Foster's sentence is not an extraordinary

23   or compelling reason for a reduction.

24   Because there are no extraordinary or compelling reasons for a reduction, the court need

25   not reach the question whether the sentencing factors in § 3553(a) would weigh in favor of a

26   reduction. *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022).

1    **III.    CONCLUSION**

2          The government's request to file Exhibit 2 to its opposition under seal is **granted**.

3    Foster's motion for a reduction in sentence (ECF No. 166) is **denied**.

4          IT IS SO ORDERED.

5    DATED:  September 11, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE